IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File |
| | ) No. |
| NICHOLAS GORDON, | ) |
| | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT

Plaintiff Robert Wright (the "Plaintiff" and/or the "Author") files this Complaint against Defendant Nicholas Gordon (the "Defendant"), alleging causes of action for copyright infringement pursuant to 17 U.S.C. §501 and §504 of the United States Code, for statutory damages pursuant to 17 U.S.C. §504(c), for willful infringement pursuant to 17 U.S.C. §504(c)(2) of the United States Code, and causes of action for attorney's fees, expenses, and the costs of litigation.

1

## JURISDICTION AND VENUE

1.

Plaintiff's claim arises from a federal Copyright claim pursuant to 17 U.S.C §501. Therefore, this Court's subject matter jurisdiction is invoked pursuant to 17 U.S.C. §106, 28 USC §§ 1331 and 1338(a).

2.

Defendant Nicholas Gordon is subject to the personal jurisdiction of this Court because Defendant is a citizen of the State of Georgia and resides in this District.

3.

Venue is proper within the Northern District of Georgia pursuant to 28 U.S.C. §1391(b) and 28 U.S.C. §1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District.

## PARTIES

4.

Plaintiff Robert Wright is and was, at all relevant times, citizen of the United States of America and is a citizen and resident of the State of Washington.

5.

Defendant Nicholas Gordon, is and was, at all relevant times, a citizen of the United States of America and resident of the State of Georgia, Gwinnett County, is an active participant in the copyright infringement perpetrated against the Plaintiff; and may be served with process at his residence at 3125 Tidewater Court, Stone Mountain, Georgia 30087.

**PLAINTIFF'S COPYRIGHTED WORK**

6.

The Plaintiff Robert Wright wrote <u>Killing Cancer Not People</u> (the "Work"), an original work of authorship on the horrors of Cancer and his own view of potential ways to deal with the disease.

7.

He placed a disclaimer in the book to notify all those who read that he is not a doctor nor is he attempting to diagnose, treat, or advise a reader on Cancer.

8.

The Plaintiff was granted a Certificate of Copyright with an effective date of registration on June 23, 2010 bearing Copyright Registration Number TXu 1-681-001.  A copy of the Copyright Certificate is attached as Exhibit A.

9.

Along with other rights, this Copyright provides the Plaintiff with the exclusive right to "reproduce the copyrighted work in copies or phonorecords; prepare derivative works based upon the copyrighted work; distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; in the case of literary, musical, dramatic and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission."

10.

Defendant has purchased several copies of the Work.  However, Defendant has never been authorized or licensed to reproduce or resell the Work.

## COPIES OF THE WORK FOUND ON FLASH DRIVES

11.

Defendant began copying and reproducing the Work, in full, on flash drives to be sold at conferences, prior to and as early as June 29, 2013.

12.

Defendant has knowingly, intentionally, and willfully sold numerous flash-drives containing Plaintiff's Copyrighted Work at different conferences including the Enagic-Kangen Water Conference, in Georgia on or around July 2013, for $50 per flash-drive

13.

Plaintiff has possession of one of the flash drives that Defendant sold, with the Work entirely reproduced in Adobe Portable Document Format ("PDF").

## MR. WRIGHT'S CEASE AND DESIST DEMAND

14.

Through Counsel, Robert Wright, sent a cease and desist letter to the Defendant on October 7, 2014.  The letter (a) put the Defendant on notice of the Plaintiff's copyright (b) demanded the Defendant immediately (1) cease all infringing activity (2) provide a list of purchasers of the flash drive and other copies of the Work the Defendant had distributed and (3) forward any

and all such infringing copies and reproductions of the Work to the Plaintiff's attorney. The letter notified the Defendant that his failure to comply with the cease and desist letter would be evidence of willful infringement and entitle the Plaintiff to pursue additional legal and equitable remedies available. A copy of the October 7, 2014 Cease & Desist letter is attached as Exhibit B.

15.

The Defendant refused to respond to the October 7, 2014 cease and desist letter. Plaintiff's counsel sent a follow up letter on November 5, 2014 to renew the cease and desist demands as well as put the Defendant on notice that the Plaintiff would be pursuing any and all available legal remedies, including remedies available for willful infringement. A copy of the renewed November 5, 2014 letter is attached as Exhibit C.

16.

On November 6, 2014, the Defendant responded to the November 5, 2014 letter via email: "The sale of the flash drives one time last year. The eBook was on the media in error. Only a few of the drives sold and there is no record of whom purchased the drives and no more drives have been sold since that one event." A copy of Defendant's November 6, 2014 response is attached as Exhibit D.

17.

Defendant refused to provide a list of persons the flash-drives to whom were sold.

18.

In this November 6, 2014 response, Defendant claimed there is no record of who purchased the flash-drives.

19.

Defendant sent a second conflicting response on November 8, 2014. A copy of Defendant's November 8, 2014 response is attached as Exhibit E.

20.

In the November 8, 2014 email, Defendant implied that more than one flash drive was distributed stating, "I have sent out an email to people that attended the event with the flash drives and instructed them to delete the eBook "Killing Cancer – Not People" from the flash drive and send me a copy of the directory listing showing no copy of the ebook (sic). I will then forward to you."

21.

Plaintiff renewed his requests on November 17, 2014 and November 21, 2014. Plaintiff's renewed request for a list of flash drive purchasers and a copy of the correspondence referenced in Defendant's November 8, 2014 email. Defendant refused to respond to and ignored Plaintiff's counsl's repeated requests to disclose the individuals or entities to whom Defendant sold Plaintiff's Copyrighted Work or to produce the email that Defendant sent to the purchasers.

22.

As a result of Defendant's refusal to disclose the name of these parties, Plaintiff is unable to ascertain to whom the infringing copies have been sold or otherwise transferred to.

23.

Robert Wright has satisfied all conditions precedent to filing this suit.

### COUNT I
### COPYRIGHT INFRINGEMENT
### AGAINST NICHOLAS GORDON
### [PURSUANT TO 17 U.S.C. §501 AND §504]

24.

Plaintiff restates the allegations contained in paragraphs 1 to 23 and incorporates those allegations as though set forth in full in this cause of action.

25.

Plaintiff is, and all relevant times has been, the exclusive copyright owner with respect to the Work, which is subject to a valid Certificate of Copyright Registration issued by the Register of Copyrights (the "Copyright").

26.

Among the exclusive rights granted to the Plaintiff under the Copyright Act is the exclusive right to reproduce the Work in copies or phonorecords and to distribute the Work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

27.

Defendant, without the permission or consent of the Plaintiff, has copied and distributed, and continues to copy and distribute the Copyrighted Work to the public, and/or to make the Copyrighted Work available for distribution to others.

28.

Defendant deliberately and intentionally copied the entire Work and made it available for sale via flash drives he distributed at several trade shows.

29.

In doing so, Defendant knowingly, willfully, and intentionally violated Plaintiff's exclusive rights of reproduction and distribution.

30.

Even after receiving a cease-and-desist letter and demand that Defendant cease distribution of the Work, identify the recipients of the infringing Work, and transmit all infringing copies to Plaintiff, Defendant failed and refused to do so.

31.

Defendant's actions constitute willful infringement of Plaintiff's Copyright and exclusive rights under copyright, and were committed with a disregard and with indifference for the rights of Plaintiff.

32.

As a result of Defendant's willful infringement of Plaintiff's Copyright and exclusive rights under the Copyright, Plaintiff is entitled to actual damages plus Defendants' profits that are attributable to the copyrighted material pursuant to 17 U.S.C. §504(b).

33.

Alternatively, Plaintiff is entitled to statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just" for Defendant's infringement pursuant to 17 U.S.C. §504(c)(2).

34.

In the event the court finds that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000, pursuant to 17 U.S.C. §504(c)(2).

35.

Statutory damages can be elected at anytime before final judgment is rendered pursuant to 17 U.S.C. §504(c).

36.

Additionally, Plaintiff is entitled to recovery of his full costs and attorney's fees pursuant to 17 U.S.C. §505.

37.

The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights, and ordering Defendant to destroy all copies of the Work made in violation of Plaintiff's exclusive rights.

## PRAYER FOR RELIEF

For these reasons set forth above, the Plaintiff prays for the following relief:

i. The Court award a judgment in the Plaintiff's favor against the Defendant.

ii. The Court award an injunction against the Defendant providing:

> Defendant Nicholas Gordon shall be and hereby is enjoined from directly or indirectly infringing Plaintiff Robert Wright's rights under federal or state law in the Copyrighted Work (Killing Cancer, Not People, bearing Copyright Registration Number TXu 1-681-001) and any work, whether now in existence or later created,

    that is owned or controlled by Plaintiff, including (without limitation) by use of the Internet or any online distribution system to reproduce (*i.e.,* download) any of Plaintiff's work, to distribute (*i.e.*, upload) any of Plaintiff's work, or to make any of Plaintiff's work available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiff. Defendant also shall recall and destroy all copies of Plaintiff's work that Defendant has copied and distributed onto any computer hard drive, flash drive, server, or other electronic media without Plaintiff's authorization and shall destroy all copies transferred onto any other physical medium or device in Defendant's possession, custody or control.

iii. The Court award monetary damages to Plaintiff;

iv. The Court award other available special remedies provided by law;

v.        The Court order payment to Plaintiff his reasonable attorney's fees, expenses, and the costs of litigation incurred in this action pursuant to 17 U.S.C. §505; and

vi.       The Court order such other and further legal and/or equitable relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

                                                 Respectfully submitted,
                                                 **Shenton Law, P.C.**

                                                 **/s/ Gregory O. Shenton**
                                                  Gregory O. Shenton
                                                  Georgia Bar No. 640943

The Brumby Building at Marietta Station
127 Church Street, Suite 360
Marietta, Georgia 30060
greg@shentonlawfirm.com
678-290-6530 (phone)
678-290-6531 (fax)